United States District Court
Southern District of New York

Carolyn Buff
-Plaintiff-

v.

United States of America
US Treasury Department
Internal Revenue Service (IRS)
Celeste Neal, IRS Disclosure Manager
Eric Gadsden, IRS Disclosure Specialist
-Respondents-

**COMPLAINT PURSUANT TO 5 U.S.C. § 552(a)(4)(B), US Treasury Regulation 601.702 (c)(13), and 5 USC §702.**

------------------------------------------------

Cause of Action and Jurisdiction

1. I, Plaintiff Carolyn Buff, bring this action pursuant to 5 U.S.C. § 552(a)(4)(B) which provides that "[o]n complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

2. I additionally bring this action pursuant to 28 USC §1331 which also serves as the jurisdictional basis for "federal courts to review (U.S) agency action."[Califano, 430 U.S. at 105; see also Bowen v. Massachusetts, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court has jurisdiction under 28 USC §1331"). "Agency action" is defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." [5 USC §551(13)].

1

3. My last place of residence in the United States was New York State, and the United States has filed a case against the Plaintiff related to this matter in the Southern District of New York, case 15-CV-5549. Therefore, Plaintiff is of the view that the SDNY is the appropriate jurisdiction with respect to this case too.

Facts

*Background*

4. I, Plaintiff, Carolyn Buff, have been living and working abroad since 1994, apart from a short period in 2015.
5. In or around August 2012, I was informed by my accountant at the time that the Internal Revenue Service (IRS) was conducting an audit of my 2006-2009 tax returns.
6. In September 2017, I changed accountants.
7. In April 2019, I received notices from my bank, the United Nations Federal Credit Union, and Raymond James Asset Management, that the IRS had imposed levies on my accounts. In total, the IRS levied approximately $145,000.
8. According to the levy documents, the IRS is seeking an additional $150,000-$300,000 from me, and penalties and fines continue to accrue.
9. In May 2019, I hired tax attorneys Frost Tax Law to assist in understanding the facts underlying the IRS determinations against me.

*Freedom of Information request and absence of response*

10. Frost Tax Law sought and obtained my tax files from my accountant until September 2017. As these shed no light on the IRS case against me, on May 23rd 2019, Frost Tax Law filed a Freedom of Information (FOIA) request with the IRS on my behalf. (Annex 1)
11. The IRS is required to determine within 20 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of a request whether to comply with the request under the FOIA. The FOIA permits the IRS to extend the 20-day statutory time limit by 10 additional days in unusual circumstances. [US Treasury Regulation 601.702]
12. On June 11 2019, IRS Disclosure Specialist Eric Gadsden, ID# 0235156, acknowledged receipt of the FOIA request on May 24, 2019, and stated that the IRS would not be in a position to respond to the FOIA request by July 9 and was granting itself an extension until

2

July 31 2019. In this letter, the Mr. Gadsden provided a FOIA request file number, F19144-0041. (Annex 2).

13. The IRS continued to grant itself extensions on a monthly basis.
14. On September 19, 2019, Frost Tax Law attorney Rebecca Sheppard informed me that Disclosure Specialist Gadsden told her that he had collected the documents requested, that they amounted to 2400 pages, and that Frost Tax Law would receive the disclosure within the coming week. (Annex 3).
15. Yet, on September 27, 2019, Frost Tax Law received another letter from Disclosure Specialist Gadsden stating that the IRS was granting itself another extension, until November 1st 2019, to respond to the FOIA request.
16. In October 2019, I dismissed Frost Tax Law due to their inability to obtain the information relevant to the IRS case against me.
17. In December 2019 and January 2020, I called Disclosure Specialist Gadsden several times, leaving messages on his answering machine each time. I also called the Disclosure Manager, Celeste Neal, on several occasions. Neither IRS official ever answered their phones or responded to the messages I left on their answering machines.
18. In the meantime, I contacted the Office of Government Information Services (OGIS), as also suggested in the Disclosure Specialist's letters. On January 30, 2020, I received a letter from OGIS stating: "FOIA Staff informed us that anticipated responding to your request on February 21, 2020." (Annex 4)
19. At about the same time, IRS Collection Officer Edward Reale told me that he too would attempt to contact the Disclosure Specialist to advocate for more expeditious disclosure.
20. In early February, 2020, I finally managed to speak with Disclosure Specialist Gadsden, who told me: i) that he was unable to make international calls, and ii) that he could not send me the FOIA information because he needed a photo ID from me in order to confirm my identity.
21. On February 3, I faxed a copy of my passport and sent a copy by mail that same day.
22. On June 1, 2020, I contacted Disclosure Specialist Gadsden again. He told me that the faxed photo of my passport was illegible and that he had not received the copy sent by mail. I again sent my passport by fax and certified mail (Annex 5).

23. In July 2020, I received a letter dated June 26, 2020 from Disclosure Specialist Gadsden in which he stated: "This is in response to your Freedom of Information request dated **June 15, 2020** and received **on June 15, 2020**... I need additional time to search for and collect the requested records from other locations....I expect to complete your request by August 31, 2020. " (emphasis mine).
24. In this same letter, the Disclosure Specialist Gadsden referred to a new case number "2020-02748" rather than the case number assigned to the FOIA requested dated May 23, 2019 "F19144-0041." It is clear that my June letter did not constitute a new FOIA request (Annex 6).
25. In July, I was contacted by IRS tax advocate Myrna Morales, who informed me that she would be following up on my case.
26. On August 21, 2020, Tax Advocate Morales told me that the Disclosure Specialist Gadsden had not responded to her requests for information.
27. On August 31, Tax Advocate Morales contacted me again and told me that she had reached Disclosure Officer Gadsden, and that they had decided to "close out" my "first FOIA request" and would only be working on my "second FOIA request." I attempted to explain that there was only one FOIA request, dated May 23, 2019, and that my June letter was not a new FOIA request but merely a (second) letter confirming my identity. Ms. Morales did not appear to understand this and concluded that she would contact me again on October 1, 2020.

*Conclusion*

28. In conclusion, it has been over 15 months since a FOIA request for my own tax files was submitted to the IRS. In the meantime, IRS penalties and fines continue to accrue against me, and IRS collection Officer Edward Reale has threatened to confiscate my passport despite his understanding that I was my unable to assess the IRS case against me due to its FOIA obstruction. Further, I am unable to determine whether the IRS levy on my accounts in April 2019 was lawful.
29. The IRS has never provided adequate explanation for the delays in this case and therefore I conclude that the agency or its officials have acted willfully, unlawfully, arbitrarily and capriciously as well as in violation of 5 U.S.C. § 552 and US Treasury Regulation 601.702.

30. Moreover, the IRS has acted with reckless disregard and with complete indifference to my, Plaintiff's, rights, resulting in my inability to address the IRS' case against me in this Court and other administrative proceedings (in a matter dating back over a decade), to travel to the United States without fear that my passport will be confiscated, or to make any investment, or purchase any asset, in the United States for fear that any such investment or asset will be arbitrarily confiscated. As I am a single parent, these difficulties also impact on my son, also a US citizen, as he cannot return to the United States without me. This is not a victimless imbroglio.

### Relief Sought

A. An Order declaring that the IRS has violated the Freedom of Information Act.
B. Issuance of a Writ of Mandamus ordering the immediate disclosure of my tax files, as well as an explanation of the delay.
C. Injunctive and equitable relief enjoining the IRS from adding penalties, fines or extending collection statutes of limitations in my case until it has provided the information sought and retroactive to May 23 2019 or, in the alternative, June 11 2019 (the latter is the date on which the IRS was required by law to respond to my FOIA request).
D. Reasonable costs associated with this litigation.

I swear that all the information included is true.

*[signature]*

Carolyn Buff
c/o Steven Kraft
Bahnhofplatz 9
8001 Zurich
Switzerland
carolynjbuff@yahoo.com
+33 (0) 7 84 59 90 40.

CONFEDERATION OF SWITZERLAND  
CANTON AND CITY OF GENEVA  
CONSULAR AGENCY OF THE  
UNITED STATES OF AMERICA  
} S.S.

On __4 SEP 2020__, before me, __Helen Soares, Notarizing Officer__, personally appeared,

__Carolin T RUFF__ (_____)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument

In witness whereof I have hereunto set my hand and official seal the day and year last above written

_Helen Soares_  
Helen Soares  
Notarizing Officer

My commission does not expire

ANNEX 1

# FROST & ASSOCIATES, LLC

TAX LAW | BUSINESS LAW | ESTATE PLANNING

**ATTORNEYS**

GLEN E. FROST+*∆ ⬤¹
ELI S. NOFF ⬤
KAITLYN A. LOUGHNER** ⬤
J PETER HAUKEBO
ROBERT OWINGS
KRISTIN LECLAIR ZUROWSKI+ ⬤∆
NICHOLAS E. BERGER
LEANNE FRYER BROYLES
REBECCA J. SHEPPARD
ROBERT HAMILTON**
MARY FRANCES LUNDSTEDT
ELENA HEYS
RYAN L. DIZE
OLIVIA SCOTT ++

839 Bestgate Road, Suite 400 | Annapolis, MD 21401
Phone: 410-497-5947 | Fax: 888-235-8405

Additional Locations:
Columbia, MD | Washington, DC
Fairfax, VA | Miami, FL

www.FrostTaxLaw.com

**OF COUNSEL**

JUSTIN HUGHES **†⬤
LAUREN MATA

**ACCOUNTANTS**

JOAN LEANOS ⬤
KAREN BURD ⬤

Also Member of DC Bar `
Also Member of FL Bar *
Also Member of PA Bar **
Also Member of NY Bar†
Also Member of VA Bar ∆
Member of FL Bar Only ¨
Member of DC Bar Only ++
Certified Public Accountant ⬤
Certified Financial Planner ¹

May 23, 2019

**VIA FASCIMILE (877) 891-6035**
Internal Revenue Service
Central Processing Unit
Stop 93A
PO Box 621506
Atlanta GA 30362-3006

Re:  Carolyn Buff ████████████

Dear Disclosure Officer:

This request is being made pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and Treasury Regulation § 601.702 (26 C.F.R. § 601.702).

The above-referenced taxpayer has been contacted by the IRS regarding ███████████████ ████████████████████████ In addition, the taxpayer's account transcripts ████████ ████████████████████████████████████████████████████████████ following examinations. In order to better understand the specific changes made by the IRS and the nature of the taxpayer's obligations, I am requesting a copy of the entire administrative file developed by the IRS in its examinations and penalty assessments for these tax periods. This request includes, but is not limited to: FBAR transcripts and/or reports; workpapers containing managerial approval of proposed and initial penalties; any letters or notices sent to the taxpayer regarding foreign accounts; copies of any Forms 3708 and 3709; any correspondence between the taxpayer's financial institutions and the Internal Revenue Service or any of its agents; copies of all signed and unsigned Forms 4549, Income Tax Examination Changes and/or Statutory Notices of Deficiency; records of assessments; copies of Forms 872 and/or any other signed or prepared documentation regarding consents to extend the time to assess tax, penalties, or any other statute of limitations; copies of any notices sent to the taxpayer by the IRS; copies of all tax return filings submitted by the taxpayer; all copies of Wage and Income Transcripts, Account Transcripts, and information returns; any past and current Powers of Attorney submitted for the taxpayer; and all case activity work papers and files, records, correspondence, memoranda, or other documents regarding any proposals, recommendations, referrals or other actions or suggested actions relating to the examination or investigation of the aforementioned taxpayer for the referenced years.

I am a Power of Attorney holder (copy of Form 2848 Power of Attorney is attached) and an "other requester" under paragraph f(3) of Treasury Regulation § 601.702. As proof of identity, I am including a photocopy of my driver's license. Please send the records in electronic format to my attention at the address located on the Power of Attorney. I do not wish to inspect the documents first.

If any part of this request is denied, I request a written statement of the ground(s) for denial. Please provide notice of such determination, along with the basis for withholding the documentation, within thirty days of this request. If you determine that any portion of the requested records are exempt from disclosure, please provide those portions that may be disclosed.

I am willing to pay fees for this request up to a maximum of $300. If you estimate that the fees will exceed this limit, please inform me first. Thank you for your consideration of this request. Should you have any questions or comments please feel free to contact me at 410-497-5947.

Sincerely,

Elena Heys, Esq.



**PRIVACY, GOVERNMENTAL LIAISON AND DISCLOSURE**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

ANNEX 2

June 11, 2019

Frost & Associates, LLC
Attn: Elena Heys
839 Bestgate Road, Suite 400
Annapolis, MD 21401

Re: Carolyn Buff

Dear Elena Heys:

I am responding to your Freedom of Information Act (FOIA) request dated May 23, 2019 that we received on May 24, 2019.

I am unable to send the information you requested by June 24, 2019, which is the 20 business-day period allowed by law. I apologize for any inconvenience this delay may cause.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

The FOIA allows an additional ten-day statutory extension in certain circumstances. To complete your request, I need additional time to search for, collect and review responsive records from other locations. We have extended the statutory response date to July 9, 2019, after which you can file suit. An administrative appeal is limited to a denial of records, so it does not apply in this situation.

## REQUEST FOR ADDITIONAL EXTENSION OF TIME

Unfortunately, we will still be unable to locate and consider release of the requested records by July 9, 2019. We have extended the response date to July 31, 2019, when we believe we can provide a final response.

You do not need to reply to this letter if you agree to this extension. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If we subsequently deny your request, you still have the right to file an administrative appeal.

Case 1:20-cv-07182-GBD-KNF   Document 1   Filed 09/03/20   Page 10 of 13

3

The FOIA provides access to existing records. Extending the time period for responding to your request will not delay or postpone any administrative, examination, investigation or collection action.

If you have any questions please call Disclosure Specialist Eric Gadsden ID #0235156, at or write to: Internal Revenue Service, Disclosure Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362. Please refer to case number F19144-0041.

Sincerely,

Eric Gadsden
Disclosure Specialist
Disclosure Office 13

ANNEX 3

On Thursday, September 19, 2019, 9:06:43 PM GMT+2, Rebecca Sheppard <rebecca.sheppard@frosttaxlaw.com> wrote:

Hi Carolyn,

We need to have this information gathered within 1 week. Can you get it to me? Also, I spoke with Eric Gadsen, the disclosure specialist working on your FOIA request. He said all of the documents have been reviewed, there are 2400 pages in the entire submittal, so quite large. He said he should have them to me by next week. Great news!

Thanks Carolyn.

Warm regards,
Rebecca

ANNEX 3

ANNEX 4

 

NATIONAL ARCHIVES and RECORDS ADMINISTRATION
8601 ADELPHI ROAD - OGIS | COLLEGE PARK, MD 20740-6001
www.archives.gov/ogis | ogis@nara.gov | o: 202.741.5770 | f: 202.741.5769 | t: 877.684.6448

January 30, 2020—Sent via email

Carolyn Buff
carolynjbuff@yahoo.com

Dear Ms. Buff:

Thank you for contacting the Office of Government Information Services (OGIS). Congress created OGIS to serve as the Federal Freedom of Information Act (FOIA) Ombudsman. We assist the public and Federal agencies by helping them resolve their FOIA disputes, and by addressing their questions and concerns about the FOIA process.

We understand that you seek assistance obtaining the status of a FOIA request you submitted to the Internal Revenue Service (IRS). We contacted the agency on your behalf regarding request No. F199144-0041. FOIA staff informed us they anticipated responding to your request on February 21, 2020. Please note, this is only an estimated date of completion and is subject to change.

It is important to know that all Federal agencies have resources in place for you to check the status of your request. However, due to the potential of discussing sensitive information (such as personally identifiable information, or PII), IRS employees are prohibited from communicating with individuals via email. The agency explained, however, they are using postal mail to provide status updates on your request.

Although international telephone communication may be complicated, the agency provided two additional points of contact if you wish to discuss the details of your request with IRS FOIA staff. In lieu of email, you can contact caseworker Eric Gadsden at 213-372-4304, or Disclosure Manager Celeste Neal at 510-907-5338.

We hope you find this information useful. At this time, we consider this matter closed. If you have questions or concerns that we have not addressed, please contact us again.

Best regards,
The OGIS Staff
--
OFFICE OF GOVERNMENT INFORMATION SERVICES
National Archives and Records Administration
8601 Adelphi Road (OGIS)
College Park, MD 20740-6001
Email: ogis@nara.gov
Phone: 202-741-5770
Fax: 202-741-5769
Website: archives.gov/ogis

ANNEX 5

Eric Gadsden
IRS Disclosure Officer
300 North Los Angeles St.
Mail stop 1020
Los Angeles, CA 90012
USA
Fax: 855-205-9336

June 1, 2020

**Until June 29 2020**
Carolyn Buff
8 Chemin du Gue
01210 Ferney-Voltaire
FRANCE

**From June 29 2020**
Carolyn Buff
c/o Steven Kraft
Bahnhofplatz 9
8001 Zurich
SWITZERLAND

File number: F19144-0041

Dear Mr. Gadsden,

I refer to the FOIA request submitted on my behalf on May 23 2019, and received by your office the next day.

This is the second letter I am sending you requesting my FOIA information and providing a legible copy of my passport. The first letter was sent certified mail on February 3, 2020. Unfortunately, my copy of the certified mail receipt is illegible. I have again sent a copy of this letter with a clear copy of my passport by certified mail to preclude another claim that my submission is "illegible".

Above is a mailing address for me until June 29 2020, and an address for me after that date.

Of course, if it possible to send me my file electronically, you can send it to me at carolinebuff@yahoo.com

In your letter to my former attorney dated June 11 2019, you wrote that "the FOIA allows an additional ten-day statutory extension in certain circumstances" without citing the relevant provision. In addition to providing the FOIA file requested, I would also ask that you detail the "circumstances" resulting in a delay of the statutory deadline of over a year. If my former attorneys did not provide a forwarding address for me, please say so explicitly and explain why you were not able to respond to the FOIA request during the period they were still working for me.

Neither accountant nor attorney can assist me in understanding the fines and penalties imposed on me by the IRS until I receive this file, and if necessary I will file a claim against the IRS for damages in this regard.

Sincerely, Carolyn Buff